IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JUSTIN W. MILLER,

        Petitioner,

v.                                     Case No. 22-CV-00298-SPM

ERIC WILLIAMS,

        Respondent.

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Justin W. Miller is currently incarcerated in the United States Penitentiary located in Greenville, Illinois. Pending before the Court is a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. (Doc. 4.)

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the Rules to other habeas corpus cases.

### Relevant Facts And Procedural History

In 2016, Miller pleaded guilty to conspiracy to distribute methamphetamine under 21 U.S.C. § 841. His sentence was enhanced under 18 U.S.C § 924(c), the Armed Career Criminal Act ("ACCA") based upon two prior convictions. The two prior convictions were for 2nd degree assault (Nebraska Criminal Code 28-309(1)) and strangulation (Nebraska Criminal Code 28-301.01(1)). (Doc. 4.)

On February 22, 2022, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the enhancement of his sentence under the ACCA. (Doc. 1.) This petition was dismissed without prejudice for failure to list the grounds for relief or facts supporting that relief, and Petitioner was given the opportunity to amend his petition. (Doc. 3.)

On May 22, 2022, Petitioner filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the enhancement of his sentence under the ACCA. (Doc. 4.) Specifically, Miller argued that his prior conviction under Nebraska Criminal Code 28-309(1) for 2nd degree assault no longer qualified as a predicate ACCA offense in light of the Supreme Court's decision in *Borden v. United States,* 141 S.Ct. 1817 (2021). (*Id.*)

## LEGAL STANDARD

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing but are instead limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Thus, aside from the direct appeal process, a prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. A § 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner is also normally limited to only one challenge of his conviction and sentence under § 2255.

Under very limited circumstances, it is possible for a prisoner to challenge his federal conviction or sentence under § 2241. Specifically, § 2255(e) contains a "savings

clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255(e). *See also Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (stating that "[i]nadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.") (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)); *United States v. Prevatte*, 300 F.3d 792, 798-799 (7th Cir. 2002) (noting that "savings clause" of § 2255 applies to "a narrow class of cases" where the 2255 remedy "'is inadequate or ineffective to test the legality of [the prisoner's] detention.'").

The Seventh Circuit examined the savings clause in *In re Davenport*, 147 F.3d 605 (7th Cir. 1998) and stated: "[a] procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Id*. at 611. In other words, "there must be some kind of structural problem with section 2255 before section 2241 becomes available." *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

## DISCUSSION

Miller argued via § 2241 petition that his prior conviction for 2nd degree assault no longer qualified as a predicate ACCA offense in *Borden*. (Doc. 4.) He argued that because Nebraska Criminal Code 28-309(1) punishes reckless conduct, and *Borden* found that the elements clauses' definition of violent felony does not include offenses criminalizing reckless conduct, his prior 2nd degree assault conviction no longer qualified as a predicate ACCA offense. (*Id*.) This Court need not decide the merits of this case

because § 2241 is unavailable to Miller.

Following *Davenport* and its progeny, the Seventh Circuit developed a three-part test for determining whether § 2255 is inadequate or ineffective so as to trigger the savings clause:

> **Step #1**: The federal prisoner must seek relief based on a decision of statutory interpretation (as opposed to a decision of constitutional interpretation, which the inmate could raise in a second or successive § 2255 motion);
>
> **Step #2**: The statutory rule of law in question must apply retroactively to cases on collateral review and could not have been invoked in a first § 2255 motion; and
>
> **Step #3**: A failure to afford the prisoner collateral relief would amount to an error "grave enough" to constitute "a miscarriage of justice."

*Worman v. Entzel*, 953 F.3d 1004, 1008 (7th Cir. 2020) (citing *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016); *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019)). Only after a petition meets all three steps can a Court consider the claims on the merits. *Id.*

Petitioner's reliance on *Borden* does not bring his claim within the savings clause. With respect to the first of the three steps in the *Davenport* test, *Borden* is indeed a statutory interpretation case.

"*Davenport*'s second condition has two components: retroactivity and prior unavailability of the challenge." *Montana v. Cross,* 829 F.3d 775, 783 (7th Cir. 2016). To determine whether a claim was previously unavailable, a petitioner must show that it "would have been futile" to previously raise the argument because the law of the circuit of conviction "was squarely against him." *Beason v. Marske,* 926 F.3d 932, 936 (7th Cir. 2019); *see also Chazen v. Marske,* 938 F.3d 851, 862-62 (7th Cir. 2019).

Miller cannot satisfy Step 2 under the *Davenport* test. The Supreme Court gave no

indication that its decision in *Borden* should be given retroactive application to a case on collateral review, such as the instant action. Furthermore, Miller's argument and § 2255 were previously available to him. *Borden*, like *Mathis v. United States*, 136 S. Ct. 2243 (2016), was not exactly a bolt from the blue because numerous cases have previously addressed the *mens rea* issue at hand. The Supreme Court has stated that the term "use" in the similarly worded elements clause in 18 U.S.C. § 16 requires "active employment" and the phrase "use . . . of physical force" in a crime of violence most naturally suggests a higher degree of intent than negligent or merely accidental conduct. *Leocal v. Ashcroft*, 543 U.S. 1, 9-10 (2004); *see also Voisine v. United States*, 579 U.S. 686 (2016); Brooks Kern, *The Reckless Misapplication of Viosine to the Armed Career Criminal Act*, 24.1 Lewis & Clark L. Rev. 1 (2019) (discussing the history of offenses criminalizing recklessness and their applicability under the ACCA). Miller could have made this argument at trial, on direct appeal, or in a § 2255 motion. 28 U.S.C. § 2241(f). Even if Miller's argument had not been available before *Borden* was decided, he had a year after it was decided to make his argument via § 2255 motion yet failed to do so. *Id*. Because Miller had "a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence" he cannot not seek relief under § 2241 on that basis. *In re Davenport*, 147 F.3d at 609.

This Court need not decide whether Miller can satisfy Step 3 of the *Davenport* test. Miller cannot satisfy the elements of the savings clause; thus § 2241 is not available to him for relief.

## CONCLUSION

As a result, Petitioner Justin W. Miller's Petition for a Writ of Habeas Corpus

under 28 U.S.C. § 2241 (Doc. 4) is **DENIED**. This action is **DISMISSED with prejudice**. The Clerk is instructed to close the file and enter judgment accordingly.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. *See* FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

**IT IS SO ORDERED.**

**DATED: July 29, 2022**

                                              **s/ *Stephen P. McGlynn***
                                              **STEPHEN P. McGLYNN**
                                              **U.S. District Judge**